UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 16-CV-22760-SCOLA/OTAZO-REYES

**ABEL LOPEZ PICADO**, and all others
similarly situated under 29 U.S.C. 216(b),

          **Plaintiff,**

vs.

**O & J RESTAURANT CORP. d/b/a
MOLINA'S RANCH RESTAURANT, and
JOSE O. JORGE,**

          **Defendants.**   /

**DEFENDANTS' ANSWER
AND
<u>AFFIRMATIVE DEFENSES</u>**

      Defendants, O & J RESTAURANT CORP. d/b/a MOLINA'S RANCH RESTAURANT ("MOLINA'S"), and JOSE O. JORGE ("JORGE"), hereby file this Answer and Affirmative Defenses and respond to the Complaint filed by Plaintiff, ABEL LOPEZ PICADO ("LOPEZ PICADO"), as follows:

1.    <u>Admitted</u> that Plaintiff alleges that this is an action brought pursuant to the Fair Labor Standards Act, but it is <u>Denied</u> that the Plaintiff entitled to maintain this action or to any of the relief sought.

2.    <u>Admitted</u> that Plaintiff is a resident of Miami-Dade County, Florida.

3.    <u>Admitted</u> that MOLINA'S has its main place of business and transacts business in

-1-

Miami-Dade County, Florida, paragraph 3 is otherwise <u>Denied</u>.

4. <u>Admitted</u> that JORGE is a corporate officer, paragraph 4 is otherwise <u>Denied</u>.

5. Paragraph 5 is <u>Denied</u>. It is specifically <u>Denied</u> that any "acts or omissions" occurred which would give rise to any cause of action.

## COUNT I

6. Paragraph 6 is <u>Denied</u>.

7. <u>Admitted</u> as to the Court having jurisdiction, paragraph 7 is otherwise <u>Denied</u>.

8. Paragraph 8 is <u>Denied, as phrased</u>. Paragraph 8 quotes only a portion of 29 U.S.C. § 207, failing to reference or quote relevant portions of the statute.

9. <u>Denied.</u>

10. <u>Denied.</u>

11. <u>Denied.</u>

12. Admitted.

13. <u>Denied.</u>

14. <u>Denied.</u>

15. <u>Denied.</u>

16. <u>Denied.</u>

## COUNT II

Defendant re-adopts its response to paragraphs 1-16 in response to the introductory paragraph in Count II.

17. Paragraph 17 is <u>Denied, as phrased</u>. Paragraph 17 quotes only a portion of 29 U.S.C. §

206, failing to reference or quote relevant portions of the statute.

18. <u>Denied.</u>

19. <u>Denied.</u>

20. Denied.

## AFFIRMATIVE DEFENSES

1. **SUBJECT MATTER JURISDICTION**: This Court lacks subject matter jurisdiction of the claims or causes of actions asserted by LOPEZ PICADO. Neither of the Defendants, MOLINA'S and JORGE, "engaged in commerce or in the production for goods for commerce" within the meaning of 29 U.S.C. §206 (a); they did not produce any good or commodities that move in interstate commerce, all of there activity was local and confined to the local area, and Plaintiff, LOPEZ PICADO, was not "engaged in commerce or in the production for goods for commerce" within the meaning of 29 U.S.C. §206 (a). Moreover, MOLINA'S is not an enterprise "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a). The Defendants business activities is not "commerce" within the meaning of the Fair Labor Standard Act, and does not relate "to the movement of commerce" under the Fair Labor Standards Act. Therefore, there is no coverage under the Fair Labor Standards Act that would apply, and as such there is no subject matter jurisdiction to maintain this action or any of the relief sought.

2. **ACCORD/ SATISFACTION/ PAYMENT:** Plaintiff has been paid for all hours suffered or permitted to work in compliance with the Fair Labor Standards Act. Plaintiff

was not required to, and did not work in excess of 40 hours per work week. Assuming Plaintiff spent any time outside of regular working hours at the facilities or offices of MOLINA'S, such time was not required or in furtherance of the employment or for the benefit of MOLINA'S and was without the express permission, direction or knowledge of Defendants and was in violation of clearly established policy. Therefore, even if Plaintiff claims he incurred such hours, he is not entitled to compensation for that time.

3. **STATUTE OF LIMITATIONS**: Plaintiff's claim, if any, is time barred by the applicable statute of limitations. Plaintiff's recovery on any claim is limited to overtime compensation accrued, if any, during the two to three year period prior to the filing of the claim. *See* 29 U.S.C.§ 255. All claims which pertain to any pay cycle prior to June 28, 2014, are time barred, under the two year provision, and all claims which pertain to any pay cycle prior to June 28, 2013, are time barred under the three year provision.

4. Any violation of the Fair Labor Standards Act by Defendants was not willful and was wholly unintentional. Defendants continuously acted in good faith with regard to the administration of its pay plan, and thus, any claim by the Plaintiff is limited to a twenty-four (24) month period. As a matter of law, a cause of action under the Fair Labor Standards Act accrues for limitations purposes at the end of each regular workday and each violation is separate and distinct, not a continuing violation. The occurrence of one violation does not extend to an employee's right to recovery beyond the two or three year limitations period for willful or reckless violations. Therefore, Plaintiff's claim, if any, is limited to any overtime which accrued within the twenty-four (24) months of filing the

*CASE NO.: 16-CV-22760-SCOLA/OTAZO-REYES*

complaint, which is the applicable state of limitations period in the case *subjudice*, and, as such, is time barred.

WHEREFORE, Defendants, O & J RESTAURANT CORP. d/b/a MOLINA'S RANCH RESTAURANT, and JOSE O. JORGE, having fully answered the Complaint filed by the Plaintiff, ABEL LOPEZ PICADO, demand judgment in their favor, including all relief which this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this __25th__ day of August, 2016, to Allyson Morgado, Esq., and J.H. Zidell, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141.

*/s/ Jose M. Herrera /s/*
JOSE M. HERRERA, ESQ
Florida Bar No.: 612618
JOSE M. HERRERA, P.A.
2350 Coral Way, Suite 201
Miami, Florida 33145
Tel: (305) 445-1100 / Fax: (305) 221-8805
E-mail: JMH@Herreralawfirm.com
vrodriguez@Herreralawfirm.com
JTHerrera@Herreralawfirm.com